THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Lead Plaintiff Edwin Parris, and James Antonetti, John Barry, Major Battle, Ronald Bernard, Richard Bloom, Michael Brennan, Michael Caprigno, Peter Casey, Alfred Cervera, Keith Chan, Ryan Clark, Ryan Cleary, Andrew Coyne, Tracey Daras, Matthew Dennehy, Jonathan Depina, Erin Donoghue, Michael Dryer, Robert Flynn, Gregory Getchell, Matthew Haggerty, Ruthann Hendricks, Michael Hill, Michael J. Horgan, Eric Hulbig, Andrew Khoury, Lorne F. Lynch, Jr., Jonathan Mann, Louis Manzo, Thomas Martin, Bryan McAfee, Neil McGonagle, Curtis McSorley, Nicole Muldowney, John J. Murphy III, Holly Nelson, Karl Ohmstede, Derek Parker, Tyler Peters, Christopher J. Popov, Evens Prenelus, Matthew Robidoux, Anthony R. Rosati, Michael Russo, William Ryan, Nabil K. Said, Frank Sparacino, Eric Strong, Robert Tempesta, Edgardo Vargas, Walter Vasile, Charles White, and Joseph Zoccola

Plaintiffs

v.

Andrea J. Cabral, in her capacity as Suffolk County Sheriff,

Defendant

USDC Case No. ___________

**COMPLAINT OF VIOLATION**
**UNDER THE FAIR LABOR STANDARDS ACT**
**AND BREACH OF SETTLEMENT AGREEMENT**

**BACKGROUND**

1. The Plaintiffs in this action are 54 current and former Jail Officers, Deputy Sheriffs, Mechanics, and Nurses who are or were employed by Suffolk County Sheriff Andrea J. Cabral for all or a portion of the period from January 1, 2010 to present at the Suffolk County Jail, 200 Nashua Street, Boston, Massachusetts.

2. Each of the Plaintiffs is or was an "employee" within the meaning of Section 203(e) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA") and has consented to become a member of this action pursuant to 29 U.S.C. §216(b) as reflected on Exhibit 1 (consent forms).

3. The Defendant in this action is Andrea J. Cabral in her capacity as Suffolk County Sheriff ("Sheriff Cabral"). Sheriff Cabral is an "employer" pursuant to St. 2009 c. 61, §§16 and 19 for purposes of Massachusetts law, and an "employer" as well within the meaning of Section 203(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA").

4. Plaintiffs contend that Sheriff Cabral has willfully failed to properly include all "regular compensation" (as that expression is defined in the FLSA) in computing the overtime premium owing to such Plaintiffs when they work more than 40 hours in a week. More specifically, Plaintiffs are paid compensation in addition to their base rate of pay for specific reasons including, inter alia: (a) Education Incentive as an incentive and reward for attaining higher education; (b) Longevity as a reward and incentive for years of service; (c) Weekend Differential as compensation for working shifts on

weekends; and, (d) Wellness & Fitness Program that provides a bonus when Plaintiffs meet specific physical fitness and conditioning guidelines relevant to job performance. Sheriff Cabral has not included these four aspects of compensation in computing the FLSA regular rate of Plaintiffs. This results in the corresponding FLSA overtime premium being paid at a rate that is less than required by law.

5. Plaintiffs also contend that Sheriff Cabral has willfully failed to include all hours of work in computing entitlement to overtime under the FLSA and this has resulted in non-payment of FLSA overtime due and owing to the employee. This non-payment of overtime has occurred, inter alia, when a Plaintiff works a shift and is not afforded a half hour lunch break, and the Sheriff fails to pay the employee for a half hour of work performed during a supposed "lunch break."

6. Consequently, Plaintiffs bring this action for a declaratory judgment, backpay for unpaid overtime compensation, liquidated damages, and other relief under FLSA, to address the aforementioned miscalculation of the FLSA overtime rate and non-payment of FLSA overtime in violation of 29 U.S.C. §207.

**JURISDICTION**

7. Jurisdiction over this action is conferred on the court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

8. Jurisdiction to provide declaratory relief and any relief as necessary to effectuate such declaration is authorized under 28 U.S.C. §§2201 and 2202.

9. This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b).

**FACTUAL BACKGROUND**

10. The effective date for FLSA coverage of Plaintiffs with respect to their employment with Sheriff Cabral was no later than April 15, 1986. FLSA Amendments of 1985 (Public Law 99-150); Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528 (1985) (ruling that FLSA could constitutionally be applied to state and local employees).

11. Plaintiffs are owed overtime under 29 U.S.C. §207(a) for all work actually performed over 40 hours in a 7-day workweek.

12. Plaintiffs are not covered by an exemption under 29 U.S.C. §207(k) ("Section 207(k)"). In particular:

(a) Sheriff Cabral has not negotiated or declared any such Section 207(k) work period.

(b) Sheriff Cabral entered into a federal court settlement agreement in or about 2009 in the matter of James C. Mills v. Andrea J. Cabral, Docket No. 06-10133 confirming that a 7-day/40-hour workweek applied to Plaintiffs for purposes of computing FLSA overtime. Among other things, the settlement states in relevant part:

> 1. DETERMINE FLSA OVERTIME HOURS FOR EACH WORK WEEK. The workweek for plaintiffs in the calculation period is Saturday to Friday. The Defendant's obligation to pay overtime under the FLSA includes work weeks in which plaintiffs actually worked more than 40 hours. . . . . The number of hours each plaintiff actually worked that exceed 40 in a workweek are the FLSA OT hours.

A true and accurate copy of the relevant portion of the aforementioned settlement in the matter of James C. Mills v. Andrea J. Cabral, Docket No. 06-10133 is attached hereto and incorporated herein as Exhibit 2.

(c) Some of the Plaintiffs (i.e., Plaintiffs that are mechanics and nurses) in any event do not fall under the provisions of Section 207(k).

13. Plaintiffs' compensation includes among other things base pay plus additional compensation that is referred to as "Longevity," "Weekend Differential," "Education Incentive," and "Wellness & Fitness Program" bonus, hereinafter referred to collectively as "Wage Augments." The foregoing Wage Augments are paid to officers pursuant to the collective bargaining agreement ("CBA") between Jail Officers and Employees Association of Suffolk County" ("JOEASC") (union representing Plaintiffs) and Sheriff Cabral at Article XIX, Section 8 ("Longevity"), Section 9 ("Weekend Differential"), Section 11 ("Education Incentive"), and Section 15 ("Wellness & Fitness Program").

14. The Wage Augments referenced supra at ¶13 all constitute “regular compensation” within the meaning of the FLSA 29 U.S.C. §207(a) and must be accounted-for in computing the FLSA “regular rate” and corresponding FLSA overtime premium under FLSA 29 U.S.C. §207(a). Notwithstanding this requirement, Sheriff Cabral has not included such Wage Augments in calculating the "regular rate" within the meaning of the FLSA 29 U.S.C. §207(a), and the corresponding overtime premium under the FLSA as specified in 29 C.F.R. Part 778.

15. Some of the Plaintiffs are scheduled to work shifts of eight-and-a-half hours in length. Plaintiffs who are scheduled for such eight-and-a-half hours shifts actually work throughout the entire eight-and-a-half hour shift.

16. For Plaintiffs scheduled to work such eight-and-a-half hour shifts, the Sheriff only accounts-for and provides compensation for eight hours of work during the course of such eight-and-a-half hour shifts. The Sherriff does so upon the *false premise* that such Plaintiffs take a half hour lunch break during the course of their eight-and-a-half hour shifts. However, Plaintiffs who work such eight and a half hour shifts, in fact, have not been allowed to take a uninterrupted lunch break in which they are completely relieved of duty, but instead work throughout their lunch breaks and are responsible to report for duty and do report for duty throughout their entire eight-and-a-half hour shifts.

**COUNT I**

17. With respect to the first count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs 1-16.

18. Defendant Sheriff Cabral has violated and continues to violate the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs the proper amount in cash overtime compensation due them under the FLSA and its implementing regulations, specifically by failing to include the aforementioned Wage Augments in calculating the "regular rate" and corresponding FLSA overtime premium in compensating Plaintiffs.

19. This has resulted in Plaintiffs being paid an overtime premium that is less than the amount required under the FLSA for work actually performed over 40 hours in a 7-day workweek in violation of Section 207(a) of the FLSA, 29 U.S.C. §207(a).

**COUNT II**

20. With respect to the second count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs 1-19.

21. Defendant Sheriff Cabral has violated and continues to violate the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs who work eight-and-a-half hour shifts for all hours worked. Specifically, this has occurred due to Sherriff Cabral accounting-for and compensating such Plaintiffs for eight hours of work even though such Plaintiffs actually worked eight-and-a-half hours during the course of their eight-and-a-half hour shifts.

22. This has resulted in Plaintiffs being paid less overtime than required by the FLSA, and Plaintiffs being paid an overtime premium that is less than the amount required under the FLSA for work actually performed over 40 hours in a 7-day workweek in violation of Section 207(a) of the FLSA, 29 U.S.C. §207(a).

**WHEREFORE**, Plaintiffs respectfully request that the Court:

A. Enter a declaratory judgment that Defendant Sheriff Cabral has willfully and wrongfully violated Defendant's obligation under the FLSA for three years prior to the date that this complaint was filed and onward to present by depriving Plaintiffs cash overtime payment on their regular pay day as required by law for each instance that a Plaintiff was not paid FLSA overtime in the correct amount due to the Defendant Sheriff Cabral's failure to: (1) include all Wage Augments in computing the regular rate and corresponding FLSA overtime premium; and, (2) account-for and compensate Plaintiffs who work eight-and-a-half hour shifts for all work performed on such shifts.

B. Order Defendant Sheriff Cabral, under supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of all FLSA unpaid overtime compensation owing to each Plaintiff for the unlawful payment practices of Defendant Sheriff Cabral as alleged in Count I and Count II for a period beginning three years prior to date this complaint was filed and onward to present.

C. Enter a judgment under FLSA Section 216 against Defendant Sheriff Cabral for payment of back wages to Plaintiffs for all sums found due to

each Plaintiff for unpaid overtime compensation starting three years prior to date that the instant complaint was filed in Federal District Court and onward to present.

D. Enter a judgment under FLSA Section 216 against Defendant Sheriff Cabral for payment of liquidated damages to Plaintiffs as are owing to each Plaintiff in an amount equal to the amount adjudged as owing to each Plaintiff for unpaid overtime compensation under paragraph C.[1]

E. Enter a judgment under FLSA Section 216 against Defendant Sheriff Cabral for all reasonable attorneys' fees and costs incurred by Plaintiffs in investigating, pursuing and prosecuting this FLSA complaint.

F. Enter orders and judgments as may otherwise be a just and proper to remedy the Sheriff Cabral's unlawful violations of the FLSA as alleged herein.

Respectfully submitted,

For Plaintiffs,

By Plaintiffs' Counsel:

*/s/Jack J. Canzoneri*

Jack J. Canzoneri, BBO #564126
McDonald, Lamond, Canzoneri & Hickernell
352 Turnpike Road, Suite 310
Southborough, Massachusetts 01772
(508) 485-6600

Dated: April 24, 2013

[1] Assuming arguendo that no liquidated damages are held owing for any portion of the backpay liability—and Plaintiffs in no way concede that point—Plaintiffs then respectfully request that the Court enter a judgment against Defendant Sheriff Cabral for prejudgment statutory interest on all such amounts.